US TAX COURT
RECEIVED

OCT 24 2014
3:02 PM

MN

US TAX COURT
eFILED

OCT 24 2014

NEIL FEINBERG & ANDREA E. FEINBERG
   Petitioner(s)

ELECTRONICALLY FILED

v.

Docket No. 10083-13

COMMISSIONER OF INTERNAL REVENUE,
   Respondent

# RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SERVED Oct 24 2014

## UNITED STATES TAX COURT

| | |
|---|---|
| NEIL FEINBERG & ANDREA E. FEINBERG, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Docket No. 10083-13 ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) Filed Electronically ) |
| Respondent. | ) |

### RESPONSE TO PETITIONERS' MOTION FOR SUMMARY JUDGMENT

On October 2, 2014 petitioners filed a Motion for Summary Judgment and a Motion in Limine in this case. The Court ordered that this response be filed by October 24, 2014.

### OVERVIEW

This is a deficiency case. The primary issues in this case relate to an S Corporation, Total Health Concepts, LLC ("THC"), which is partially owned by petitioners in the years at issue. In the notice of deficiency and associated workpapers, respondent asserted that THC's operations included trafficking in marijuana. Respondent disallowed a number of the expenses claimed on THC's Form 1120S after respondent determined that IRC § 280E[1] precluded THC from taking ordinary and necessary business expenses. In petitioners' motion for summary judgment, they argue that section 280E should not apply to them, and that it

---

[1] Unless stated otherwise, all section references are to the Internal Revenue Code.

Docket No. 10083-13                - 9 -

in a criminal investigation, the Fifth Circuit held that the evidence was obtained in violation of the Fourth Amendment and should have been suppressed in the criminal trial.

Here, petitioners do not allege that a criminal prosecution or investigation has ever been initiated against them. In fact, they affirmatively state by affidavit that they have never been charged or convicted of trafficking of a controlled substance under the Controlled Substance Act.[3] Although application of section 280E requires the predicate determination that THC trafficked in a controlled substance, an act that constitutes a federal crime under the relevant statutes, there is no requirement of a conviction or criminal investigation, and that determination in this civil tax proceeding does not involve a criminal prosecution or punishment. Moreover, even if Tweel were applicable, and, for the sake of argument, the revenue agent in this case deceived petitioners and THC to obtain evidence for use in a later criminal trial, the remedy is not to declare section 280E unconstitutional or to shift the burden on

---

[3] Petitioners each state in their affidavits that at no time did the revenue agent in this case ever "inform me that she was investigating whether THC or I had engaged in illegal conduct under the Act." To the contrary, the revenue agent who examined petitioners' and THC's returns, Denise Conyers, informed petitioners that because THC sold marijuana, the business expense deductions were not allowable under section 280E. Ms. Conyers' declaration is attached hereto as Exhibit 1-R.

Docket No. 10083-13                    - 17 -

WHEREFORE, respondent requests that petitioners' motions be denied.

                                                WILLIAM J. WILKINS
                                                Chief Counsel
                                                Internal Revenue Service

Date: OCT 2 4 2014                    By: _____
                                                LUKE D. ORTNER
                                                Attorney
                                                (Small Business/Self-Employed)
                                                Tax Court Bar No. OL0100
                                                600 17th Street
                                                Suite 300 North
                                                Denver, CO 80202
                                                Telephone: 720-956-4027

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
EDWIN A. HERRERA
Area Counsel
(Small Business/Self-Employed:Area 5)
MATTHEW A. HOUTSMA
Associate Area Counsel
(Small Business/Self-Employed)