IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

       Petitioners,

       v.

UNITED STATES OF AMERICA,

       Respondent.

**UNITED STATES' OPPOSITION TO PETITIONERS' MOTION TO STAY DECISION**

The United States opposes Petitioners' request that this case be stayed pending the outcome in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 16-1281 (10th Cir.) (the "Injunction Case"), and pleads as follows in support:

**BACKGROUND**

This case concerns whether IRS summonses for inventory information maintained with Colorado's Marijuana Enforcement Division ("MED") should be enforced. As the government has already exhaustively briefed, those summonses are a legitimate exercise of the IRS's broad information-gathering authority. [Dkt. # 8, 18]. Petitioners disagree, based largely on their

1

dislike of Section 280E,[1] a provision of the Internal Revenue Code that prohibits marijuana businesses from claiming certain business deductions. The parties agree, however, that evaluating the summonses requires the Court to address the well-established test articulated by the Supreme Court in *United States v. Powell*: (a) that the summonses were issued for a legitimate purpose, (b) that the information sought is relevant to that purpose, (c) that the IRS does not already possess the information, and (d) that the administrative steps required by the Internal Revenue Code have been followed. 379 U.S. 48, 57-58 (1964).

Petitioners now ask this Court to stay its decision regarding the summonses based on an appeal in the separate Injunction Case. Despite arising out of the same IRS audit, that case concerns very different legal issues. Specifically, the lower court's ruling in the Injunction Case addressed whether there is jurisdiction for a federal district court to enjoin tax assessment or collection. [Dkt. # 16] in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-cv-257-RPM (D. Colo. June 7, 2016). The district court correctly held that jurisdiction does not exist for such a case based on the Anti-Injunction Act (Section 7421(a)) and the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201(a)). *Id.*

Though both cases share a common factual background, this case is not interconnected with the Injunction Case. Whether or not this Court has jurisdiction to enjoin an audit wholesale has little to no bearing on whether or not the specific summonses challenged here meet the *Powell* test. And, in any event, Petitioners cannot establish that they are entitled to a stay based on the factors that courts typically apply. Accordingly, a stay of this case is not appropriate.

---

[1] Unless otherwise stated, all "Section" references are to Title 26 of the United States Code, also known as the Internal Revenue Code of 1986, as amended.

## ANALYSIS

No litigant is automatically entitled to a stay; rather, deciding whether a stay should issue requires the exercise of judicial discretion in light of the circumstances of the particular case. *Burns v. Hickenlooper*, 2014 WL 3634834, *3 (D. Colo. July 23, 2014) (citing *Niken v. Holder*, 556 U.S. 418, 433 (2009)). The party requesting the stay bears the burden of showing that it is justified. *Id.* Typically, courts address four factors[2] when determining if a stay should issue: (1) the likelihood of success on the merits in the related proceeding; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) the public interests at stake. *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *Id.* (citations omitted). The overall circumstances here do not favor a stay, nor do Petitioners meet any of these four factors.

   I.   *A stay is not appropriate in the circumstances presented here.*

First, it should be noted that Petitioners do not request a stay because of a pending appeal in this case, but rather because of an appeal in another case. As this Court has explained, whether to stay one case based on another presents issues that are "far from simple." *Burns*, 2014 WL 3634834 at *2. Where one federal proceeding may interfere with another, a stay should be granted only under the most extreme circumstances. *E.g., Commodity Futures Trading Comm's v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484-1485 (10th Cir. 1983) (citations omitted); *see also*, *Landis v. North American Co.*, 299 U.S. 248 (1936). The circumstances here are not so extreme as to justify a stay.

---

[2] The multi-factor test for a stay is also sometimes articulated as having three or five factors, but the considerations overlap. *Rodenfels v. PDC Engergy*, Case No. 16-cv-251-PAB-STV, 2017 WL 1197297, *5 (D. Colo. Mar. 30, 2017) (setting forth three factors); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, Case No. 1:02-cv-1934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) (articulating five factors).

Specifically, Petitioners do little to explain how a favorable outcome for them in the Injunction Case could reasonably be expected to impact this case. Instead, Petitioners rest solely on their own "cautious optimis[m]" that the Tenth Circuit will address the "standard used when enforcing Section 280E" and "whether the IRS has jurisdiction to investigate and find that taxpayers have violated the Controlled Substances Act." [Dkt. # 20] at ¶ 4. But it is unlikely that the Tenth Circuit will address these issues in any substantive way, because they are not squarely at issue.

In order to decide the appeal in the Injunction Case, the Tenth Circuit must address only whether there is jurisdiction for the case to go forward at all. This requires an examination of the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act, issues that are distinct from the legal issues raised in the present case. The Tenth Circuit cannot properly address the substance of summonses, Section 280E, or the IRS's examination standards on appeal in the Injunction Case. Those matters would be for the district court to address, if at all. Fundamentally Petitioners misinterpret the significance of prevailing before the Tenth Circuit. All it would mean is that the case would be remanded to the district court to determine whether an injunction should issue, and the district court has signaled that it is will not enjoin the IRS's audit. [Dkt. # 16] at 2-3 in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-cv-257-RPM (D. Colo. June 7, 2016).

This Court's task is not to act as "some modern day haruspex skilled in the art of divination." *Burns*, 2014 WL 3634834 at *5. A decision to stay should not be based on mere speculation that the Tenth Circuit could issue dicta concerning IRS audits or Section 280E. Rather, the Court must determine whether the outcome of the Injunction Case is reasonably

expected to have some significant bearing on the direction of this case, thus creating the "extreme circumstances" necessary to stay one federal case based on another.

Those circumstances simply do not exist here, given the distinct legal issues in the two cases. Even if Petitioners' cautious optimism were rewarded and the Tenth Circuit issued dicta lambasting some aspect of Section 280E, it would have no impact on the enforceability of the summonses at issue here. This is so because whether or not the summonses meet the *Powell* test does not depend on the Tenth Circuit's view of Section 280E. At its core, this case is really just about whether *these specific summonses* seeking inventory records are appropriate in a business audit. This is not a controversial issue: the IRS can seek inventory records to substantiate tax returns, regardless of what the taxpayer sells. Petitioners' (failed) attempt to halt the audit entirely does not justify the extraordinary step of staying this case. To hold otherwise would just reward Petitioners for their unjustified obstruction in the face of a legitimate IRS audit.

## II.   *Petitioners also flunk the four-factor test for a stay.*

Turning to the four-factor test for a stay, Petitioners' motion must also be rejected. Petitioners fail to set forth the test at all, much less establish that any of the four factors is met. None is.

### A.   *Petitioners are unlikely to succeed on the merits.*

Petitioners are unlikely to succeed on the merits of their claims, both here and before the Tenth Circuit in the Injunction Case. In the latter case, the district court appropriately rejected Petitioners' arguments and dismissed the case that is now on appeal. [Dkt. # 16] in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-cv-257-RPM (D. Colo. June 7, 2016). In its order, the court noted that, even if the case is remanded, Petitioners are unlikely to prevail because they cannot show irrevocable injury if an injunction does not issue. *Id.* at 3. Thus, the

district court appears to agree with the United States that Section 280E is a civil statute the IRS is charged with enforcing.

Nor can Petitioners cite any other authority suggesting they might prevail, either here or in the Injunction Case. Those courts that have addressed various versions of Petitioners' arguments in other contexts have universally rejected them. *Alpenglow Botanicals, LLC v. United States*, Case No. 1:16-cv-258-RM-CBS, 2016 WL 7856477 (D. Colo. Dec. 1, 2016);[3] Memorandum Opinion and Order [Dkt. # 28] in *High Desert Relief, Inc. v. United States*, Case No. 1:16-cv-00469 (D.N.M. Mar. 31, 2017). More broadly, other courts, including one court of appeals, have found that the IRS can apply Section 280E to disallow the ordinary and necessary business expense deductions of marijuana businesses. *E.g., Olive v. Comm'r*, 792 F.3d 1146 (9th Cir. 2015); *Canna Care Inc. v. Comm'r*, 110 T.C.M. (CCH) 408 (2015) (enforcing Section 280E); *Beck v. Comm'r*, 110 T.C.M. (CCH) 141 (2015) (same); *Californians Helping to Alleviate Med. Problems, Inc. v. Comm'r*, 128 T.C. 173 (2007) (same). In sum, the United States has been unable to find a single case supporting Petitioners' arguments.

In the face of this authority, Petitioners rely exclusively on two newly cited cases cobbled together with their attorney's impressions of one portion of the oral argument in *The Green Solution Retail, Inc., et al. v. United States, et al.*, Appeal No. 16-1281 (10th Cir.). Petitioners

---

[3] Recently, this Court summarily rejected a petition similar to the one in this case in *Nutritional Elements Inc. et al. v. United States*, Case No. 17-mc-52-RM (D. Colo.). The United States obtained a transcript of the oral argument, in which the Court incorporated its prior ruling in *Alpenglow* and found that "the IRS has the right to proceed to make 280E determinations, and we are further removed from that question here [in a summons case], because this is simply the question of whether or not they have the right to request information or data or not request, to obtain information and data, which would enable them to, arguably, make a 280E determination, which may or may not be in favor of the petitioners here." Hr'g Tr. 21:15-21. A copy of the relevant portion of the transcript is attached to the United States' Notice of Supplemental Authority, filed concurrently with this opposition brief.

claim that these authorities, taken together, indicate that they are likely to succeed on the merits of their claim that the IRS lacks the authority to enforce section 280E. Petitioners' arguments distort the authorities they cite, none of which suggest Petitioners are likely to succeed on the merits of their arguments.

First, Petitioners do not cite specific portions or provide a copy of the oral argument transcript. This is equivalent to citing deposition testimony without providing pinpoint citations or the relevant transcript. Petitioners' attorney's recollection of the argument is not evidence that can be relied upon by the Court. In any event, the government obtained a copy of an ".mp3" audio file of the oral argument.[4] *Id.* at Dkt. 01019795790. Undersigned counsel listened to the oral argument in full and disagrees with Petitioners' characterizations. Counsel does not understand why Petitioners believe that the Tenth Circuit's decision will go beyond the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act, which were the dominant issues throughout the hearing.

Out of over 30 minutes of argument, only about four minutes was spent discussing the particulars of the underlying IRS audit. Hr'g Tr. Rec. 20:48-25:11. Contrary to Petitioners' characterization, the discussion focused on the Tenth Circuit's view that little, if any, further investigation is needed to show that Petitioners sell marijuana. *Id.* The panel asked the government "so I go to Green Solution's website and I look at that and I can tell that they are selling… they are trafficking in marijuana. What more do you need?" Hr'g Tr. Rec. 21:17-21:28. Contrary to Petitioners' suggestions, this question suggests the IRS may need a *less* – not more – rigorous "standard" to determine whether Petitioners traffic in marijuana.

---

[4] The United States has the audio recording on file and will provide a copy upon request.

7

Furthermore, the entire discussion was undertaken in the context of how to interpret the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act. The context for the questioning becomes clear later, as the panel continues:

> My question is, I mean, right now, anybody could walk into a Green Solutions outlet and find out what they do. And, they could look at their website and find out what they do. So, I'm wondering if really **if we say that you have to have some restraining effect on assessment**, whether… not answering these questions or not allowing this investigation in any way prevents the IRS *right now* from denying the deduction and assessing additional taxes.

Hr'g Tr. Rec. 22:03-22:35 (emphasis added). The highlighted text indicates that the Tenth Circuit's question was about the scope of the Anti-Injunction Act, which prohibits suits "for the purpose of restraining the assessment" of taxes. Section 7421(a).

The hearing did not suggest that the Tenth Circuit is inclined to view Section 280E as unenforceable or that it is concerned that the IRS lacks a concrete standard for determining whether a taxpayer is trafficking in marijuana. All the hearing suggests is that the Tenth Circuit views Petitioners' website and business locations as sufficient evidence that Section 280E applies to Petitioners. Further, the purpose of the panel's inquiries was to probe the scope of the Anti-Injunction Act, not to conclude that the IRS cannot issue summonses for information related to businesses that sell marijuana. (This is to say nothing of the fact that the quoted language in fact presumes the IRS has the authority to investigate marijuana businesses in all respects, including for the purposes of applying Section 280E). The Tenth Circuit's decision will not "help to add some light to" this case, but will only add another brick to the wall of authority weighing against Petitioners.

Petitioners' two newly cited cases (*Yarkus v. United States*, 321 U.S. 414, 425-26 (1944) and *Alaska Professional Hunters Ass'n v. Federal Aviation Administration*, 177 F.3d 1030 (D.C. Cir. 1999)) similarly fail to support their claim that they will succeed on the merits. Both of the

8

newly cited cases deal with the technicalities of agency rulemaking, and have no bearing on whether the summonses at issue in this case are valid. Neither case even addresses any taxation or summons-related rule. Nor do the specifics of either case support Petitioners' arguments.

*Yarkus* stands for the unremarkable proposition that Congress may delegate rulemaking authority, but not legislating itself, to administrative agencies.[5] 321 U.S. at 425-426; *see also United States v. Cotonuts*, 633 Fed. Appx. 501 (10th Cir. 2016) (providing overview of nondelegation doctrine). Petitioners extrapolate this rule to suggest that a statute cannot be enforced if an agency doesn't issue concrete standards for its application. Petitioners misconstrue the holding in *Yarkus*. Delegation of rulemaking authority is permitted, but it is not *required* in order for a statute, or agency action following it, to be enforceable. *E.g., Gass v. United States Dept. of* Treasury, Nos. 99-1179, 98-B-75, 2000 WL 743671, *4 (10th Cir. 2000) (stating that "Courts have consistently, and in a variety of contexts, rejected the claim that provisions of the tax code must be implemented by regulation before being effective."). Congress did not direct the Treasury to do any rulemaking under Section 280E. Rulemaking would be unnecessary, since the statute's application is already "clear." *Olive*, 792 F.3d at 1150.

*Alaska Professional Hunters Ass'n*, meanwhile, is a case invalidating an agency notice under the Administrative Procedure Act ("APA") because the agency did not follow notice and comment procedures in issuing it. Petitioners fail to note that the decision was abrogated by the Supreme Court in *Perez v. Mortgage Bankers Ass'n*, 135 S.Ct. 1199 (2015), which found that the

---

[5] Petitioners appear to mis-cite *Yarkus*. [Dkt. # 21] at ¶ 5. The actual text states that the Court would override an agency "[o]nly if we could say that there is an absence of standards for the guidance of the Administrator's action, so that it would be impossible in a proper proceeding to ascertain whether the will of Congress has been obeyed." 321 U.S. at 426. It seems pretty obvious that the IRS is doing the will of Congress in its audits of marijuana businesses, given the plain language of Section 280E, so there could be no *Yarkus* problem here, even under the most generous reading of Petitioners' argument.

APA's notice and comment procedures do not extend to the repeal of interpretive (as opposed to legislative) rules. In any event, Petitioners appear to claim that the IRS has run afoul of the APA. Petitioners assert, with no evidence, that the "IRS previously relied upon convictions of drug dealers in order to invoke Section 280E." [Dkt. # 21] at ¶ 6. Petitioners then assume that this "informal policy" (which they have no proof ever existed) required a formal rulemaking process to change. *Id.* Even assuming *Alaska Professional Hunters Ass'n* were still good law, there are a number of problems with Petitioners' argument and purported reliance on it.

First and foremost, it is unclear what (if anything) the decision has to say about the IRS summonses at issue in this case. Petitioners attack Section 280E, but the IRS hasn't yet made any Section 280E-based assessment against Petitioners. Rather, this case is about the extent to which the IRS can investigate the financial bona fides of Petitioners' tax returns in order to make an assessment in the first place. All the Court need conclude is that the IRS can summon inventory records Petitioners are required to maintain and provide to MED under Colorado law. Second, the petition does not actually raise any APA-based challenge. Even the supplemental briefing identifies only a purported informal IRS policy, which, assuming it existed, would not be enough to implicate the APA's notice and comment procedures. 5 U.S.C. § 553(b)(3)(A) (indicating procedures do not apply to "general statements of policy" or "rules of agency. . . .procedure, or practice."). Third, Petitioners ignore that an action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *E.g.*, *Londsale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). Accordingly, the Court would have no jurisdiction to decide an APA-based challenge in this case, even if Petitioners had properly raised one.

In sum, Petitioners' supplemental briefing does not strengthen Petitioners' case or suggest that Petitioners have any chance of succeeding on the merits. Every case that directly

addresses Petitioners' arguments has found that they lack merit, and the oral argument before the Tenth Circuit suggests that the government will prevail there, too. Thus, Petitioners have not established that they have any likelihood of success on the merits. In these circumstances, no stay is justified.

### B. Petitioners do not face any "irreparable harm" if this case proceeds.

The IRS is currently conducting an examination to determine Petitioners' correct 2013 and 2014 tax liabilities, including whether Section 280E applies to Petitioners. If the Court denies the petition and enforces the summonses at issue here, the IRS will be able to use the inventory records acquired from the summonses to continue its audit. If the IRS assesses additional liabilities and Petitioners are unsatisfied with the result, they can choose one of two forums (Tax Court or District Court) to seek relief. Sections 7422 & 6213. Those courts can address any challenge Petitioners may bring to any assessments made against them, including any possible application of Section 280E. *See, e.g.*, *Vance v. United States,* 109 Fed. Appx. 294, 296 (10th Cir. 2004) (indicating that appropriate avenue for challenging tax assessment is a suit in Tax Court or District Court); *Lonsdale*, 919 F.2d. at 1442 (same); *see also*, *Feinberg v. Comm'r*, 808 F.3d 813, 816-818 (10th Cir. 2015) (denying writ of mandamus because an appeal in the normal course would remedy any errors committed by the Tax Court). Because any potential harm to Petitioners stemming from the IRS examination can be rectified in a future lawsuit, Petitioners cannot show irreparable harm without a stay.

### C. The United States will be harmed by a stay.

The government has already been harmed through significant delays in its examination into Petitioners' tax liabilities. Delaying those efforts further based on a tangentially related case Petitioners are likely to lose would only enhance these harms. In the extreme, delaying an IRS audit prejudices the government through loss of evidence. It can also hamper collection efforts,

to the extent assets are dissipated or liabilities are accrued as time goes on. Petitioners are protected through the other avenues available to challenge any future tax assessments. The government has no such protection against the detriment of further delay. Thus, this factor weighs against granting the requested stay.

### D.  A stay is not in the public interest.

It is generally accepted that the collection of taxes serves the public interest. *E.g.*, *United States v. Barrett*, Case No. 10-cv-2130-RBJ-BNB, 2013 WL 5458609, *2 (D. Colo. Aug. 13, 2013). Efficiently investigating and collecting taxes from taxpayers who have underreported their liabilities is in the public's interest because it prevents an unfair tax burden from being imposed on the millions of taxpayers who voluntarily file and pay their correct tax liabilities. Because the sole purpose of Petitioners' stay request is to delay the completion of the IRS's audit, the public interest lies with denying a stay.

//

## CONCLUSION

Petitioners have not – and cannot – establish legitimate grounds for a stay. First, the circumstances presented here do not merit a stay, because the issues on appeal before the Tenth Circuit are not sufficiently related to the issues for decision in this case. Second, Petitioners fail to make out a case for a stay, because they cannot establish a likelihood of success on the merits, nor can they show that the balance of harms or the public interest favors a stay. As a result, Petitioners' motion for a stay should be denied.

Dated:  April 26, 2017                                             Respectfully submitted,

                                                                                      DAVID A. HUBBERT
                                                                                      Acting Assistant Attorney General

                                                                                      */s/ Lindsay L. Clayton*
                                                                                      LINDSAY L. CLAYTON
                                                                                      Trial Attorney, Tax Division
                                                                                      U.S. Department of Justice
                                                                                      P.O. Box 683
                                                                                      Washington, D.C. 20044
                                                                                      202-307-2956 (v)
                                                                                      202-307-0054 (f)
                                                                                      Lindsay.L.Clayton@usdoj.gov

                                                                                      Of Counsel:
                                                                                      ROBERT C. TROYER
                                                                                      Acting United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    James D. Thorburn (jdt@thorburnlaw.com)
    Richard A. Walker (rwalker@thorburnlaw.com)
    *Counsel for Petitioners*

                                      */s/ Lindsay L. Clayton*
                                      LINDSAY L. CLAYTON
                                      Trial Attorney, Tax Division
                                      United States Department of Justice