IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

      Petitioners,

      v.

UNITED STATES OF AMERICA,

      Respondent.

## FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

The United States, by and through undersigned counsel and in accordance with D.C.COLO.LCivR 7.1(f), hereby notifies the Court of supplemental authority relevant to the matters at issue in this case. Specifically, on May 2, 2017, the Tenth Circuit issued its decision in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 16-1281 (10th Cir.). A copy of that decision is attached for the Court's convenience. In relevant part, the decision states:

> But while "today prosecutors will almost always overlook federal marijuana distribution crimes in Colorado," it does not mean the "tax man" is willing to turn a blind eye. *Feinberg v. C.I.R.*, 808 F.3d 813, 814 (10th Cir. 2015). Section 280E of the Internal Revenue Code provides:
>
>> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business . . . consists of trafficking in controlled

substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law . . . .

As discussed, marijuana is still a controlled substance under the CSA, and the IRS has pursued numerous marijuana dispensaries in Colorado and elsewhere to recoup unlawful business deductions. *See, e.g., Feinberg*, 808 F.3d at 814; *Olive v. C.I.R.*, 792 F.3d 1146, 1147 (9th Cir. 2015).

…..

But § 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies. *See Alpenglow Botanicals, LLC v. United States*, No. 16-cv-00258-RM-CBS, 2016 WL 7856477, at *4 (D. Colo. Dec. 1, 2016) (unpublished) ("If Congress had wanted such an investigation to be carried out or conviction to be obtained, then it could easily have placed such language in § 280E."). Instead, the IRS's obligation to determine whether and when to deny deductions under § 280E, falls squarely within its authority under the Tax Code. *See* I.R.C. § 6201(a) (authorizing and requiring the IRS "to make the inquiries, determinations, and assessments of all taxes . . . imposed by this title"); I.R.C. § 7602(a) (authorizing the IRS to "examine any books, papers, records, or other data which may be relevant or material to" "determining the liability of any person for any internal revenue tax"); *see also United States v. Clarke*, 134 S. Ct. 2361, 2364 (2014) (holding the IRS "has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability"). Thus, the AIA is implicated here.

Second, Green Solution argues that § 280E is a penalty, not a tax subject to the AIA. Again we disagree. A "penalty" is defined as "an exaction imposed by statute as punishment for an unlawful act." *United States v. La Franca*, 282 U.S. 568, 572 (1931). The disallowance of a deduction is not an exaction imposed as punishment. "Deductions. . . are not a matter of right. Neither do they turn upon equitable considerations. They are a matter of legislative grace." *See United States v. Akin*, 248 F.2d 742, 743 (10th Cir. 1957). Moreover, Green Solution does not cite a single case that holds the disallowance of a deduction constitutes a "penalty" and falls outside the AIA's reach. *Bob Jones University v. Simon*, 416 U.S. 725, 738 (1974), and *Alexander v. Americans United, Inc.*, 416 U.S. 752, 760–61 (1974), both involved the

>disallowance of deductions for charitable contributions, and neither was held to be a penalty. Section 280E is not a penalty.

Opinion [Dkt. # 01019803379] at 5, 19-20 in *The Green Solution Retail, Inc. et al. v. United States*, Case No. 16-1281 (10th Cir. May 2, 2017). Accordingly, the Tenth Circuit has now rejected claims similar to those made by Petitioners in this case. Moreover, the issuance of a decision by the Tenth Circuit undercuts Petitioners' request that a decision in this case should be delayed.

No hearing has been set in this matter; accordingly, notice of the above-referenced supplemental authority is appropriate and timely under D.C.COLO.LCivR 7.1(f).

Dated:  May 9, 2017                             Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Lindsay L. Clayton*
LINDSAY L. CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-2956 (v)
202-307-0054 (f)
Lindsay.L.Clayton@usdoj.gov

Of Counsel:
ROBERT C. TROYER
Acting United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    James D. Thorburn (jdt@thorburnlaw.com)
    Richard A. Walker (rwalker@thorburnlaw.com)
    *Counsel for Petitioners*

                                      */s/ Lindsay L. Clayton*
                                      LINDSAY L. CLAYTON
                                      Trial Attorney, Tax Division
                                      United States Department of Justice