IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

        Petitioners,

        v.

UNITED STATES OF AMERICA,

        Respondent.

_____

**PETITIONERS' REPLY TO UNITED STATES' OPPOSITION TO PETITIONERS'
MOTION TO STAY DECISION**
_____

Petitioners, The Green Solution Retail Inc., a Colorado corporation, Green Solution,

LLC, a Colorado limited liability company, Infuzionz, a Colorado limited liability company,

Green Earth Wellness Inc., a dissolved Colorado corporation (collectively hereinafter referred to

as  "Petitioners "or "The Green Solution")  hereby reply to Respondent, United States of

America's Opposition to Petitioners' Motion to Stay Decision as follows:

**I. BACKGROUND**

This case concerns whether investigations of violations of the Controlled Substances Act,

("CSA") are beyond the authority of the IRS.  Petitioners maintain that the IRS is abusing its

authority under its civil audit power to conduct essentially a criminal investigation of purported

violations of the Controlled Substances Act and that, because the CSA is outside of the Internal

Revenue Code, what the IRS seeks to do is outside of its civil and even criminal enforcement

authority.

Petitioners asked this Court to postpone its ruling until the Tenth Circuit Court of

Appeals ruled in appellate case number 16-1281. (It should be noted that the Petitioners in this

case are the same Petitioners as in Appellate case number 16-1281).  After the Petitioners filed

their Motion to Postpone Ruling, the Tenth Circuit issued a ruling on May 2nd, 2017.  *Green Sol.*

*Retail, Inc. v. United States*, No. 16-1281, 2017 U.S. App. LEXIS 7746 (10th Cir. May 2,

2017)(Selected for Official Publication).  The Appellate Court ruled that it did not have

jurisdiction to hear the merits under the Anti-Injunction Act based upon a previous ruling of the

Tenth Circuit in  *Lowrie v. United States*, 824 F.2d 827 (10th Cir. 1987).  However, the issue is

not over.  The Supreme Court in *Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 191 L. Ed. 2d 97

(2015) disapproved of the interpretations of the AIA used in *Lowrie.*  The Appellate panel stated:

"We conclude that while *Direct Marketing* calls our holding in *Lowrie* into question, that

question cannot be answered by this panel acting alone." *Green Sol. Retail,* at *16.  The panel

stressed three times throughout its opinion that the question of jurisdiction may be further

litigated in an En Banc Hearing of a 12-panel court.  "We are bound by the precedent of prior

panels **absent en banc reconsideration** or a superseding contrary decision by the Supreme

Court." *Id.*  If the Tenth Circuit ultimately grants jurisdiction to hear the merits of the case, the

ongoing and vital question of the IRS' authority to conduct criminal investigations will be

decided.  Given the above, the Petitioners are in the process of filing a Petition for an En Banc

rehearing.

In considering the interests of judicial economy and justice, a deferred ruling in this case will not unfairly prejudice any party to this case and the Petitioners' Motion to Postpone Ruling should be granted.

## II. ARGUMENT

### A.  *Defendant Wrongfully Asserts That Petitioners Filed A Motion To Stay Pending Appeal and, Thus, Uses the Wrong Standard of Law To Support Its Argument.*

Petitioners asked this court to postpone its ruling – effectively holding the case in abeyance - until the Tenth Circuit Court of Appeals makes a final ruling in appellate case number 16-1281. In doing so, Petitioners rely on the doctrine laid out in *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, "The Court has control over its own docket and in the exercise of sound discretion, may hold one lawsuit in abeyance to abide the outcome of the other, especially where the parties and the issues are the same." *Accord, see also*, *United States v. Banks*, 761 F.3d 1163 (10th Cir. 2014); *Larsen v. Powell*, 16 F.R.D. 322 (D. Colo. 1954).   Here, Petitioners are simply asking this court to hold this lawsuit in abeyance while the Tenth Circuit decides the main issue in this case involving the same parties.

In its opposition, Defendant cites numerous cases applying the standard for stay in post judgment proceedings.  This is not a post judgment proceeding. Thus, Defendant's argument based on the wrong standard should be given no weight.

### B.     *The Parties and Issues Are the Same in this Case as in the Tenth Circuit Case, Thus Making the Ruling in the Tenth Circuit Relevant to the Issues in this Case.*

Defendant asserts that the outcome of the Tenth Circuit ruling will have no effect on the merits of this case. In its opposition, Defendant states "Even if Petitioners' cautious optimism

3

were rewarded and the Tenth Circuit issued dicta lambasting some aspect of Section 280E, it

would have no impact on the enforceability of the bank summonses at issue here."

The Government's reliance is misplaced.  The question on the merits in the Appellate

case is whether the IRS has the jurisdiction to conduct these criminal investigations.   As the

Court stated:

> "The IRS is currently auditing Green Solution's tax returns for the 2013 and 2014
> tax years to determine whether it should apply 26 U.S.C. § 280E (I.R.C. § 280E),
> which forbids federal tax deductions and credits to companies trafficking in a
> "controlled substance" as defined by the Controlled Substances Act (CSA). The
> IRS **made initial findings that Green Solution trafficked in a controlled
> substance and is criminally culpable under the CSA." "**To the extent Green
> Solution argues the IRS exceeded its authority under the Internal Revenue Code,
> we lack subject matter jurisdiction to consider the merits of the argument. We
> decide here only that the IRS's efforts to assess taxes based on the application of
> § 280E fall within the scope of the AIA." (Emphasis Added)

*Green Solution,* at 16.

### C.   The Risk Of Information Sharing And Its Subsequent Prejudicial Effects Far Outweigh The Effects Of Postponing A Ruling In This Case.

While it is not known if the IRS is currently sharing audit information in this case with

the DOJ, the ability of the IRS to share these investigative findings with the DOJ is clear.  26

USC §6103.  If shared, its prejudicial effect on the Petitioners will be irreparable. Likewise, the

DOJ will have access to information that otherwise would not be readily available or

discoverable in a criminal investigation. The DOJ will have, in effect, avoided stricter discovery

procedures required in a criminal investigation or prosecution. If a substantial portion of the

investigation is for criminal purposes, then arguably Powell will no longer apply and the rules

regarding probable cause would apply.  See *United States v. Utecht*, 238 F.3d 882 (7th Cir. 2001)

(The government's use of civil subpoenas (or other kinds of administrative measures that do not

require probable cause) principally to further a criminal investigation could undermine U.S.

Constitution Amendment IV's probable cause requirement).  The Tenth Circuit's finding that the IRS is seeking to determine criminal culpability calls into question whether the summonses meet Fourth Amendment scrutiny.

The government maintains that it has already been harmed through significant delays in its examination into Petitioners' tax liabilities and that "In the extreme, delaying an IRS audit prejudices the government through loss of evidence." What evidence does the government need that will be lost, unless it is tangible evidence that the government plans on using in a criminal prosecution? The government does not make it clear. The only evidence in dispute are records that are maintained in a heavily regulated document management database, and will be easily accessible if necessary. Thus, loss of evidence is not an issue here. What is an issue is that the Petitioners' procedural due process rights, as they relate to criminal procedure laws, will be swiped right out from under them without any Constitutional protection if the IRS is given full authority to conduct criminal investigations.

Thus, despite the Government's assertions to the contrary, the IRS should not be granted the authority to make such findings until the Tenth Circuit definitively rules otherwise.

Conclusion

The Petitioners' Motion to Postpone ruling should be GRANTED.

Dated: May 19, 2017


*s/ James D. Thorburn*
James D. Thorburn,
Attorney for the Petitioners
THORBURN WALKER, LLC
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111
(303) 646-3482
jdt@thorburnlaw.com

*s/ Richard A. Walker*
Richard A. Walker
Attorney for Petitioners
THORBURN WALKER, LLC
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111
(303) 646-3482
rwalker@thorburnwalker.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 19th  day of May, 2017 I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

LINDSAY L.CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

*/s/ James D. Thorburn*