IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-mc-00041-RBJ

FUTUREVISION, LTD, a Colorado limited liability company,

 Petitioner,

v.

UNITED STATES OF AMERICA,

 Respondent.

---

## ORDER GRANTING MOTION TO DISMISS AND ENFORCING THE SUMMONS

---

 "[T]oday prosecutors will almost always overlook federal marijuana distribution crimes in Colorado but the tax man never will." *Feinberg v. C.I.R.*, 808 F.3d 813, 814 (10th Cir. 2015). Notwithstanding Colorado law and U.S. Department of Justice policy, § 280E of the Internal Revenue Code provides:

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business . . . consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law . . . .

26 U.S.C. § 280E. "[M]arijuana is still a controlled substance under the [Controlled Substances Act]," so "the IRS has pursued numerous marijuana dispensaries in Colorado and elsewhere to recoup unlawful business deductions." *Green Solution Retail, Inc. v. United States*, No. 16-1281, 2017 WL 1573816, at *2 (10th Cir. May 2, 2017). This is one of those cases.

1

Petitioner Futurevision, LTD, a Colorado licensed cannabis dispensary, seeks to quash an IRS summons on a third party, the Colorado Department of Revenue's Marijuana Enforcement Division. The summons requests data from Colorado's Marijuana Inventory Tracking System to audit information Futurevision submitted on its federal income tax returns.

To make a prima facie case for enforcement of an administrative summons, the IRS must show: (1) that the investigation will be conducted for a legitimate purpose; (2) that the summons may be relevant to the investigation's purpose; (3) that the IRS does not already possess the information sought; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57 (1964).

The petition argues that the IRS's summons is unlawful because the inquiry is for an illegitimate purpose, namely conducting what is essentially a criminal investigation of violations of the Controlled Substances Act when that law, at least with respect to marijuana, is a "dead letter." ECF No. 1. The government moves to dismiss on the grounds that the petition fails to state a claim upon which relief can be granted, and it requests that the Court issue an order under 26 U.S.C. §§ 7604(a) and 7609(b)(2)(A) enforcing the summons. ECF No. 8. I agree that the petition must be dismissed and that the summons may be enforced.

First, Futurevision contends that the IRS does not have the authority to determine whether a taxpayer has trafficked in controlled substances that are prohibited by the Controlled Substances Act. But as the Tenth Circuit wrote earlier this month, "§ 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies. Instead, the IRS's obligation to determine whether and when to deny deductions under § 280E, falls squarely within its authority under the Tax Code." *Green Solution Retail,*

*Inc.*, 2017 WL 1573816, at *8 (citations omitted).  The IRS thus has ample authority to determine whether a taxpayer has trafficked in controlled substances for the purposes of § 280E.

Second, Futurevision claims that the plain text of § 280E is overcome by "a public policy of non-enforcement" of the Controlled Substances Act's marijuana prohibitions.  ECF No. 1 at 13.  That is not how statutes work.  Marijuana's classification under the Controlled Substances Act can be changed only by an act of Congress.  *See* U.S. Const. art. I.  The Department of Justice's nonenforcement policy does not formally alter marijuana's legal status, nor does Congress's defunding the federal prosecution of medical marijuana activities authorized by state law.  "Mixed messages" do not amount to outright repeal.  The IRS can therefore deny deductions for marijuana trafficking until, perhaps one day, the drug officially is not a "controlled substance[] (within the meaning of schedule I [or] II of the Controlled Substances Act) which is prohibited by Federal law."  26 U.S.C. § 280E.

Futurevision also asserts that "the purpose of this summons is not to determine income or expenses, but to determine whether [it] has violated the [Controlled Substances Act]"; that the requested records "have no relevance to an income and expense audit"; and that the IRS has not completed the administrative steps necessary for issuance of the summons.  ECF No. 1 at 17.  However, these unsupported allegations are purely conclusory, so they cannot sustain the petition in the face of a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In sum, this Court is bound by the Tenth Circuit's rejection of petitioner's counsel's similar arguments in *Green Solution Retail, Inc.*, No. 16-1281, 2017 WL 1573816 (10th Cir. May 2, 2017), and I agree with my colleagues and other district courts that have denied related, albeit increasingly creative, claims from these same lawyers, *see, e.g.*, *High Desert Relief, Inc. v.*

*United States through Internal Revenue Serv.*, No. 16-CV-469 MCA/SCY, 2017 WL 1740467 (D.N.M. Mar. 31, 2017); *Alpenglow Botanicals, LLC v. United States*, No. 16-CV-00258-RM-CBS, 2016 WL 7856477 (D. Colo. Dec. 1, 2016).

## ORDER

For the foregoing reasons,

1.  United States' Motion to Dismiss and Enforce Summons [ECF No. 8] is GRANTED. The petition to quash is dismissed.  The government may proceed with enforcement of its summons on the Colorado Department of Revenue's Marijuana Enforcement Division.  As the prevailing party, respondent is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

2.  Petitioner's Motion for Discovery Pursuant to Fed.R.Civ.P. 56(d) [ECF No. 16] is MOOT.

DATED this 25th day of May, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge