IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Miscellaneous Action No. 16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a Colorado Corporation,
GREEN SOLUTION, LLC, a Colorado Limited Liability Company,
INFUZIONZ, LLC, a Colorado Limited Liability Company, and
GREEN EARTH WELLNESS, INC., a dissolved Colorado Corporation,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, through its agency the INTERNAL REVENUE SERVICE,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on plaintiffs' Petition to Quash Summonses [Docket No. 1], the United States' Motion to Dismiss and Enforce Summonses [Docket No. 8], and the Petitioners' Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 20] filed by plaintiffs.

## I. BACKGROUND

This case is one round in a series of lawsuits between companies involved in Colorado's marijuana industry and the Internal Revenue Service ("IRS"). As the related cases have progressed, plaintiffs' counsel have raised "increasingly creative" claims in opposing the IRS's attempts to gather information. *Futurevision, LTD v. United States*, No. 17-mc-00041-RBJ, 2017 WL 2799931, at *2 (D. Colo. May 25, 2017).

In one such separate proceeding, plaintiff The Green Solution Retail, Inc. is

seeking an injunction and declaratory relief to prevent the IRS from collecting information about its business. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017), *petition for cert. filed*, No. 17-663 (Oct. 27, 2017).[1] The Tenth Circuit affirmed the trial court's dismissal of The Green Solution Retail, Inc.'s claims as barred by the Anti Injunction Act, 26 U.S.C. § 7421 (I.R.C. § 7421). *Green Sol. Retail, Inc.*, 855 F.3d at 1121. The Tenth Circuit explained that the IRS is seeking to "determine whether it should apply 26 U.S.C. § 280E (I.R.C. § 280E), which forbids federal tax deductions and credits to companies trafficking in a 'controlled substance' as defined by the Controlled Substances Act (CSA)." *Green Sol. Retail, Inc.*, 855 F.3d at 1113. "Although still illegal federally, the Justice Department has declined to enforce [the CSA] when a person or company buys or sells marijuana in accordance with state law." *Id*. at 1114. "But while 'today prosecutors will almost always overlook federal marijuana distribution crimes in Colorado,' it does not mean the 'tax man' is willing to turn a blind eye." *Id*. (quoting *Feinberg v. C.I.R.*, 808 F.3d 813, 814 (10th Cir. 2015)). The court also stated that the IRS has the authority to apply § 280E even in the absence of a criminal conviction. *Id.* at 1121.

As background to both that proceeding and this one, the IRS is conducting a civil audit of plaintiffs' tax liability for fiscal years 2013 and 2014. Docket No. 1 at 4, ¶ 12; Docket No. 1-2; Docket No. 8-1 at 2, ¶¶ 5-7. In relation to the audit, David Hewell, an IRS revenue agent, informed plaintiffs that his department had made a determination

---

[1] Plaintiffs moved the Court to withhold ruling on their petition until the Tenth Circuit decided Green Sol. Retail, Inc.'s appeal, No. 16-1281, but the Tenth Circuit has now decided that appeal. Accordingly, the Court will deny plaintiff's motion to withhold a ruling as moot. *See* Docket No. 20.

that plaintiffs were trafficking in a controlled substance and Mr. Hewell sought records to establish the extent of plaintiffs' activities.  Docket No. 1 at 4, ¶¶ 13-14; Docket No. 8-1 at 1, ¶ 1.  After plaintiffs declined to provide their Marijuana Enforcement Tracking Reporting and Compliance ("METRC") records, the IRS issued summonses to the Colorado Department of Revenue's Marijuana Enforcement Division seeking plaintiffs' METRC records and inventory information.  Docket No. 1 at 4, ¶ 14; Docket No. 1-1.  Plaintiffs now seek to quash those summonses, Docket No. 1, and the government is seeking to enforce the summonses.  Docket No. 8.

## II. DISCUSSION

In order to enforce a summons, the IRS must show that the "investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect."  *United States v. Powell*, 379 U.S. 48, 57-58 (1964).[2]  The IRS's burden "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."  *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citation omitted).

---

[2] Additionally, the IRS is barred from issuing or enforcing summonses under the Internal Revenue Code "with respect to any person if a Justice Department referral is in effect with respect to such person."  26 U.S.C. § 7602(d) (I.R.C. § 7602(d)).  Plaintiffs do not dispute that there is no Justice Department referral in effect in relation to them.  *See* Docket No. 8 at 7.

"The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *Id*. (internal quotation marks omitted).

If the IRS makes the *prima facie* showing required under *Powell*, the burden shifts to the party resisting enforcement, whose "burden is a heavy one." *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444 (citing *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir. 1979)).  The party resisting enforcement must establish a defense, show a lack of good faith on the part of the IRS, or "prove that enforcement would constitute an abuse of the court's process." *Id*. (internal quotation marks omitted).

### A.  Legitimate Purpose

The government provides a declaration from Revenue Agent Hewell stating that he served the summonses in relation to an "examination of the federal tax liabilities" of plaintiffs and that, "[b]ased on websites that appear to be associated with" plaintiffs, they "are engaged in the retail sale of marijuana and marijuana-related products in Colorado."  Docket No. 8-1 at 2, ¶ 4 and at 3, ¶ 9.  The government argues that its investigation of whether plaintiffs' income derives from sale of marijuana is a legitimate purpose in light of the bar on deductions and credits for businesses trafficking in controlled substances under Internal Revenue Code § 208E.  Docket No. 8 at 8-9.

Plaintiffs argue that "Section 280E requires there to be a finding of illegality under federal drug laws before it can be applied."  Docket No. 1 at 9.  Plaintiffs claim that, because the IRS's authority is limited to enforcing the Internal Revenue Code, the "IRS does not have the authority to determine whether taxpayers have violated federal drug laws."  *Id*. at 11.  Based on this alleged lack of necessary authority, plaintiffs argue

4

that the IRS's investigation lacks a legitimate purpose.

Plaintiffs' argument that the IRS lacks authority to determine whether they are trafficking in a controlled substance absent a criminal investigation is unavailing because it has been rejected by the Tenth Circuit. *See Green Sol. Retail, Inc.*, 855 F.3d at 1121 ("But § 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies." (citing *Alpenglow Botanicals, LLC v. United States*, No. 16-cv-00258-RM-CBS, 2016 WL 7856477, at *4 (D. Colo. Dec. 1, 2016))). This Court is bound by that decision. *Futurevision, LTD*, No. 2017 WL 2799931, at *2. While the IRS may lack authority to criminally prosecute plaintiffs for trafficking in controlled substances, the IRS has authority to make determinations about whether deductions are allowable under the Internal Revenue Code, including § 280E. Revenue Agent Hewell's affidavit establishes that the summonses are related to an investigation of plaintiffs' tax liabilities, something within the IRS's authority. Docket No. 8-1 at 2, ¶ 4. Therefore, the Court finds that the government has met its burden to show that its investigation of plaintiffs is being conducted for a legitimate purpose.

### B. Relevant to the Legitimate Purpose

The government argues that the information it seeks is relevant because it will "shed light on [plaintiffs'] correct income for the 2013 and 2014 tax years by substantiating their sales and inventory figures." Docket No. 8 at 11-12. The government claims that "inventory figures are particularly critical in audits of marijuana businesses, which, in light of Section 280E, are only allowed to offset gross receipts

5

with the cost of goods sold" and that, without such information, "exact sales may be difficult to track due to the cash-based nature of the industry." *Id*. at 12. Other than arguing the lack of a legitimate purpose, plaintiffs do not contest the relevance of the information sought. Docket No. 1 at 11-12.

Revenue Agent Hewell's uncontradicted declaration explains how the records he seeks are relevant to determining plaintiffs' tax obligations. Docket No. 8-1 at 4, ¶¶ 16-18. Therefore, the Court finds that the government has shown the information it seeks is relevant to its legitimate purpose of examining plaintiffs' federal tax liability.

### C.   The IRS Does Not Already Have the Information Sought

Plaintiffs do not dispute that the IRS does not already possess the information it seeks by way of the challenged subpoenas. Docket No. 16 at 13-14. Instead, plaintiffs argue that the information sought is unnecessary because plaintiffs have already produced various financial statements. *Id*. Plaintiffs, however, cite no authority for the proposition that the IRS must establish that the information sought is necessary as opposed to merely potentially relevant. *Id*.; *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) ("The language 'may be' [in 26 U.S.C. § 7602] reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." (emphasis in original)); *cf. Powell*, 379 U.S. at 53 (holding that the IRS need not make a "showing of cause" to carry out an investigation). Revenue Agent Hewell's uncontradicted declaration shows that the IRS does not already possess the records sought, which, as discussed above, are relevant to its legitimate purpose. Docket No. 8-1 at 3, ¶¶ 13-14 and at 5, ¶¶ 22-23.

### D.  Required Administrative Steps

In their petition, plaintiffs claim that the government had not shown that the IRS followed the required administrative procedures because "[t]here is nothing in the record to show that the IRS determined that further examination was necessary and that notified the taxpayer in writing to that effect."  Docket No. 1 at 12.  In its motion, however, the government provides the relevant written notifications addressed to plaintiffs, and Revenue Agent Hewell states that the summonses were issued in compliance with the administrative steps required by the Internal Revenue Code.  Docket No. 8-1 at 5, ¶ 25 and at 7-22.  Plaintiffs do not contest that this element is satisfied in their response.  *See* Docket No. 16.  The Court finds that this element is satisfied and, accordingly, that the government has met its burden under *Powell*.

### E.  Lack of Good Faith or Abuse of Process

Plaintiffs argue that, notwithstanding the government's *prima facie* case, the summonses should not be enforced because the IRS has not acted in good faith in issuing the summonses.  Docket No. 1 at 12.  Plaintiffs claim that, "[s]ince the IRS is seeking to invoke a 'crime tax' and place the [plaintiffs] in criminal jeopardy under the Controlled Substances Act without any authority to enforce the CSA, the actions by Mr. Hewell are not in good faith and should be considered harassment."  Docket No. 16 at 14; *see also* Docket No. 16 at 11.  They argue that an evidentiary hearing is necessary to determine whether the IRS acted in good faith.  Docket No. 1 at 12.

Plaintiffs' claim that the IRS is seeking to place them in criminal jeopardy is conclusory and lacks any foundation in the record.  *See Alpenglow Botanicals, LLC*,

2016 WL 7856477, at *4 (rejecting the plaintiffs' "attempt to manufacture a criminal prosecution against themselves, [by] asserting that enforcement of § 280E amounts to such a prosecution"). Moreover, as discussed above, the IRS can enforce Internal Revenue Code § 208E even absent a criminal conviction. *See Green Sol. Retail, Inc.*, 855 F.3d at 1121. Thus, there is no basis to conclude that the IRS is harassing plaintiffs without a proper purpose by issuing the challenged summonses. *See Villarreal v. United States*, 524 F. App'x 419, 423 (10th Cir. 2013) (unpublished) (rejecting as conclusory a taxpayer's claim that the IRS's subpoena of bank records was a "harassment campaign"). If a taxpayer cannot "cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing" because holding such a hearing "would be a waste of judicial time and resources." *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444. Because plaintiffs have not presented factual support for their claims that the IRS is not acting in good faith, the Court finds that plaintiffs have not met their burden and will enforce the summonses. Plaintiffs' petition to quash the summons will be dismissed.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiffs' Petition to Quash Summonses [Docket No. 1] is **DISMISSED**. It is further

**ORDERED** that the United States' Motion to Dismiss and Enforce Summonses [Docket No. 8] is **GRANTED**. The summonses issued to the Colorado Department of Revenue's Marijuana Enforcement Division are **ENFORCED** pursuant to 26 U.S.C.


§ 7604.  It is further

**ORDERED** that the Petitioners' Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 20] filed by plaintiffs is **DENIED** as moot.  It is further

**ORDERED** that this case is closed.

DATED February 12, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge