IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

    Petitioners,

        v.

UNITED STATES OF AMERICA,

    Respondent.

## PETITIONERS' MOTION TO ALTER OR AMEND JUDGMENT

THE PETITIONERS, The Green Solution Retail Inc., a Colorado corporation, Green Solution, LLC, a Colorado limited liability company, Infuzionz, a Colorado limited liability company, Green Earth Wellness Inc., a dissolved Colorado corporation (collectively hereinafter referred to as "Petitioners "or "The Green Solution"), by and through their below signed counsel hereby submit the following Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P 59(e).

### CERTIFICATION REGARDING DUTY TO CONFER

Pursuant to Local Rule 7.1, below signed counsel hereby certifies that on March 12, 2018, prior to filing this Motion for Reconsideration, he conferred with counsel for the Respondent. Respondent stated that the United States objects to the relief sought.

## I. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider'. Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within 28 days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* In this case, the judgment was entered on February 12, 2018. This motion is being filed on March 12, 2018 – 28 days after entry of judgment. Thus, Rule 59(e) will govern.

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . ." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). This same standard has been applied to both Rule 59(e) motions, see *Id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished), and Rule 60(b) motions, see *Lyons V. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

## II. ARGUMENT

**A) The *Green Solution* Court Did Not Empower the IRS to Administratively Investigate and Determine Whether a Taxpayer Has Violated Federal Criminal Drug Laws.**

The District Court erred in its assertion that the Court of Appeals in *Green Solution*

2

*Retail v. United States*, 855 F.3d 1111 (10th Cir. 2017) gave the IRS authority to administratively investigate and determine violations of federal criminal drug laws. As the Green Solution court stated:

> "To the extent Green Solution argues the IRS exceeded its authority under the Internal Revenue Code, we lack subject matter jurisdiction to consider the merits of the argument. We decide here *only* that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the AIA." (Emphasis Added)

*Id.*, at n.8.

It would be rather odd that, on the one hand, the court determines that it does not have subject matter jurisdiction to decide the issue, but then decides the issue. At most, the language relied upon by the Government in *Green Solution* is dicta. Accordingly, the District Court erred in holding that it was bound by the decision regarding the IRS's authority to investigate criminal drug laws. It should also be noted that *Green Solution* petitioned for certiorari in the matter. Solicitor General, Noel Francisco, has personally appeared in the matter and responded to the Petition.*See:*https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17-663.html.

Conference is scheduled for March 16, 2018 and the order granting or denying certiorari will be issued shortly thereafter. The undersigned will advise the court of the Supreme Court's decision once it is received.

**B) Objections to the Summonses must be done to Protect the Potential Rights of Absolute Immunity.**

*1. Counsel has attempted to mitigate the number of Petitions filed.*

In the Court's order, dated February 12, 2018, the court stated: "As the related cases have progressed, plaintiffs' counsel have raised increasingly creative claims in opposing the IRS's attempts to gather information." [Doc. 32] The undersigned certainly agree that the Petitions to

Quash that have been filed in this court are numerous. In fact, counsel has tried to mitigate the volume of petitions filed, but to no avail.

The undersigned has attempted to negotiate with the IRS counsel to agree upon a test case that can be taken on appeal and have the issues decided. However, the IRS counsel has decided that generally all the audit investigations of those alleged to be in the marijuana industry in Colorado will include a METRC summons. As discussed below, objections to these summonses must be filed to protect the taxpayers' potential rights to absolute immunity.

*2. The Potential Rights to Absolute Immunity Must Be Protected.*

As noted by the Court of Appeals in *Green Solution, supra.,* the IRS is collecting data and making administrative determinations that Green Solution and other taxpayers are violating federal criminal drug laws. This same incriminating information may be shared by the IRS with the Department of Justice in its discretion. See 26 U.S.C. Sec. 6103(i)(3)(A); see also *United States v. One Coin-Operated Gaming Device*, 648 F.2d 1297 (10th Cir. 1981) ("26 U.S.C. §6103(i)(3) allows the IRS to disclose return information which may constitute evidence of a violation of federal criminal law"). Criminal prosecution based upon the information given to the IRS is indeed possible. This is especially so given the recent decision by Attorney General, Jeff Sessions, to rescind the *Cole* and *Ogden* memos,

However, the Supreme Court addressed the "constitutional difficulty" presented by the IRS using the tax administration power to investigate nontax crimes in a series of cases - *Leary v. United States,* 390 U.S. 6 (1969), *Marchetti v. United States,* 390 U.S. 39 (1969); *Grosso v. United States,* 390 U.S. 62 (1969); and *Haynes v. United States,* 390 U.S. 85 (1969). The Court determined that a tax scheme is unconstitutional if it allows (1) the IRS to investigate for tax administration purposes an area "permeated with criminal statutes" against those "inherently

4

suspect of criminal activities", and (2) can share the information with Department of Justice without absolute immunity from prosecution being conferred. In these cases, the Supreme Court addressed the crossroads of tax and nontax investigatory powers. For purposes of this case, the crossroad can be summarized as follows:

> *If Congress delegates its tax power to allow the IRS to investigate inherently criminal activity for tax administration purposes, it must provide the following constitutional protections:*
>
> 1. *Prohibit the IRS from sharing the incriminating information with law enforcement; or*
>
> 2. *Provide absolute immunity from prosecution.*

Otherwise, without these protections, the IRS investigations create a "constitutional difficulty" of impermissible Fourth and Fifth Amendment violations. The tax statute would thus be unconstitutional. In each of the above cases, the Court gave the taxpayers absolute immunity from prosecution because the incriminating information could be shared with law enforcement.

However, the ability of absolute immunity may be waived if the taxpayer does not object to the information being provided to the IRS. See *Garner v. United States*, 424 U.S. 648 (1976). Thus, until these matters are sorted out, objections to these METRC summonses have to be lodged in order to protect the taxpayers' rights in any subsequent criminal or forfeiture proceeding.

### C) The IRS Now Takes the Position that METRC Is Not Useful in Determining Cost of Goods Sold, Rendering its Motion to Dismiss Moot.

In David Hewell's declaration accompanying the Respondent's Motion to Dismiss, agent Mr. Hewell states:

> "Information from the METRC system is particularly valuable during an audit, *because it helps establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold*. I am seeking the summoned information from MED to verify the Green Solution Entities' internal

5

> books and records and determine whether it substantiates (or undermines) the information reported on their tax returns.

See Declaration of David Hewell, [Doc. 8-1], paragraphs 16-17.

However, in recent audit reports, the IRS now takes the position that, "METRC data does not track purchases other than tracking the amount of marijuana product transferred in, this report only tracks the amounts, not the costs; *therefore, there are no verification in METRC's to support any COGS*." See Exhibit 6, emphasis added.

This was information that was received by the undersigned after this court's order dismissing the instant case. At the very minimum, there is a question of fact with respect to the relevance of the information being sought. As is shown, the government has now conceded that METRC information is not relevant to a determination of income and expenses as claimed by Mr. Hewell.

### III. CONCLUSION

Given the above, the court should vacate its order to dismiss the case and provide such other and further relief as it deems proper.

Respectfully submitted on March 12, 2018.

*s/ James D. Thorburn*
James D. Thorburn
Attorney for the Petitioners
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

*s/ Richard A. Walker*
Attorney for the Petitioners
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
rwalker@thorburnwalker.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this March 12, 2018, I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

**Charles J. Butler**
U.S. Department of Justice-DC-#683
P.O. Box 683
Tax Division
Ben Franklin Station
Washington, DC 20044-0683
202-514-6062
Fax: 202-307-0054
Email: Charles.J.Butler@usdoj.gov

*/s/ James D. Thorburn*