IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

      Petitioners,

      v.

UNITED STATES OF AMERICA,

      Respondent.

### UNITED STATES' OPPOSITION TO
### PETITIONERS' MOTION TO ALTER OR AMEND JUDGMENT

The United States submits this opposition to Petitioners' Motion to Alter or Amend Judgment (Dkt. 33), filed pursuant to Fed. R. Civ. P. 59(e).

In their motion, Petitioners assert that the Court erred in ruling against them for three reasons: (1) the Court misread and thus misapplied the Tenth Circuit's statement in *Green Solution Retail v. United States*, 855 F.3d 1111 (10th Cir. 2017), regarding the IRS's enforcement authority; (2) in its decision, the Court noted – improperly, Petitioners suggest – that counsel for marijuana businesses have raised "increasingly creative" claims in their efforts to prevent the IRS from gathering information; and (3) an IRS issue lead sheet that Petitioners recently obtained purportedly indicates that the IRS has changed its position regarding the relevance of the material sought through the summonses at issue in this case.

1

These arguments are spurious. Through these arguments, Petitioners misconstrue both the Court's and the Tenth Circuit's decisions; improperly assert a new argument they previously have not raised; and misrepresent the IRS's position by mischaracterizing an internal IRS document they have heavily redacted. Petitioners' motion thus fails to meet the standard under Rule 59(e), as explained below, and should therefore be denied.

## DISCUSSION

Courts treat a motion to reconsider filed within 28 days of entry of judgment, such as Petitioners' motion, as a motion to alter or amend judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *see also Reich v. American Family Mut. Ins. Co.*, No. 14-cv-01482, 2017 WL 4334065, at *1 (D. Colo. Jan. 20, 2017) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds for such a motion include the following: (1) an intervening change in controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete*, 204 F.3d at 1012. Accordingly, a motion to alter or amend judgment is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such a motion is not proper, on the other hand, "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Petitioners' motion in this case raises no legitimate grounds for altering or amending the Court's decision. Specifically, their arguments fail for the following reasons: (1) the Court properly interpreted and applied the Tenth Circuit's holding in *Green Solution Retail*; (2) Petitioners have seized on the Court's comment regarding counsel's "increasingly creative" claims, which was an innocuous observation inconsequential to the Court's decision, as a pretext to advance a new argument; and (3) IRS issue lead sheets do not articulate the United States' or

the IRS's positions, and, in any event, the particular lead sheet Petitioners present does not reflect a change in position.

**A.     The Court Properly Interpreted and Applied the Tenth Circuit's Holding.**

Petitioners argue that the Court "erred in its assertion that the Court of Appeals in *Green Solution Retail v. United States*, 855 F.3d 1111 (10th Cir. 2017)[,] gave the IRS authority to administratively investigate and determine violations of federal criminal drug laws." Dkt. No. 33, at 2-3.  They point out that in *Green Solution Retail*, the Tenth Circuit stated it was deciding "only that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the [Anti-Injunction Act]." *Id.* at 3 (quoting *Green Solution Retail*, 855 F.3d at 1121 n.8).  In making this argument, however, Petitioners misconstrue the language at issue in both the Tenth Circuit's decision and this Court's decision.  An examination of that language, within context, makes clear that this Court properly interpreted and applied the Tenth Circuit's holding.

In *Green Solution Retail*, the Tenth Circuit affirmed the District Court's decision that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, barred the lawsuit in that case.  The plaintiffs in that case had sued to enjoin the IRS from investigating the records of Green Solution Retail, the same marijuana dispensary that is a petitioner in this action, for purposes of enforcing 26 U.S.C. § 280E, which prohibits tax deductions associated with trafficking in controlled substances.  One argument the plaintiffs raised in the appeal was that they did not seek to enjoin the IRS from enforcing § 280E.  Rather, they claimed to seek only to enjoin the IRS's investigation of federal drug law violations, to which, the plaintiffs maintained, the AIA would not apply.  *See Green Solution Retail*, 855 F.2d at 1121.

The Tenth Circuit rejected that argument.  It made clear that the issue before it centered on the IRS's authority to investigate tax violations, not drug violations, given the IRS's

3

obligation to enforce § 280E in the absence of a corresponding criminal investigation or conviction.  The court, in particular, emphasized that § 280E "has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies.  Instead, the IRS's obligation to determine whether and when to deny deductions under § 280E falls squarely within its authority under the Tax Code." *Green Solution Retail*, 855 F.2d at 1121 (internal citations omitted).  For that reason, the court held, the IRS's investigation into a business's trafficking in controlled substances, for purposes of enforcing § 280E, implicates the AIA.  *Id.*

Contrary to Petitioners' assertion, this language from *Green Solution* is not "dicta." Rather, it directly addresses, and rejects, the common argument marijuana businesses make in actions challenging IRS summonses – that § 280E requires a finding that a party has violated federal drug laws before the IRS can enforce § 280E against that party.  Petitioners in this case made that very argument and, in their motion to amend judgment, now assert that this Court erred in rejecting it.  Without question, Petitioners are wrong.  This Court correctly followed the Tenth Circuit's unequivocal holding that the IRS has authority to determine if a business is trafficking in a federally controlled substance for purposes of enforcing § 280E.

Petitioners focus on footnote 8 from the Tenth Circuit's *Green Solution* decision in an attempt to characterize the Tenth Circuit's holding, and this Court's decision following that holding, as stating something different.  In the Tenth Circuit's decision, footnote 8 comes after the court's statement that the IRS's investigation of a marijuana business, in the absence of a criminal investigation or conviction, implicates the AIA.  The footnote states the following:

> To the extent Green Solution argues the IRS exceeded its authority under the Internal Revenue Code, we lack subject matter jurisdiction to consider the merits of the argument. We decide here only that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the AIA.

4

*Green Solution Retail*, 855 F.2d at 1121 n.8.  According to Petitioners, this language means that the Tenth Circuit did not decide whether the IRS has authority to investigate and determine violations of federal drug laws.  Petitioners thus assert that this Court erred in deciding that the IRS has such authority.

Petitioners are attempting to graft onto the Tenth Circuit's language, and this Court's language, a meaning they obviously do not possess.  Neither this Court nor the Tenth Circuit addressed whether the IRS has authority to determine federal drug violations because that question was not at issue.  Rather, as explained above, the Tenth Circuit held that, to enforce § 280E, the IRS has authority to determine if a taxpayer is trafficking in a federally controlled substance.  This Court followed that holding.  Footnote 8 in the Tenth Circuit's decision simply states that the court lacked jurisdiction to decide a separate question – whether the IRS's investigation in that case exceeded its authority under the Tax Code.  And it reiterated that the court was deciding only that the AIA precluded the taxpayer from enjoining that investigation. The footnote says nothing with respect to determining "violations of federal criminal drug laws."

The Court, therefore, should reject Petitioners' distortion of the Tenth Circuit's and this Court's decisions as grounds for their motion to alter or amend judgment.[1]

**B.    Petitioners Have Seized on the Court's Comment Regarding "Increasingly Creative" Claims, Which Was an Innocuous Observation Inconsequential to the Court's Decision, as a Pretext to Advance a New Argument.**

Likewise, the Court should disregard as grounds for amending its decision Petitioners' apparent criticism of its comment regarding counsel's increasingly creative claims.  The Court's

---

[1] In their motion, Petitioners also mention that the plaintiffs in the Tenth Circuit case had petitioned the Supreme Court for a writ of certiorari.  The Supreme Court has denied cert.  *See Green Solution Retail v. United States*, No. 17-663, 2018 WL 1369144 (Mar. 19, 2018).

comment amounts to an innocuous observation that had no bearing on its decision. Petitioners have seized on this comment simply as a pretext for advancing an argument regarding "absolute immunity" that they did not raise in prior briefing. Neither the comment nor this new argument provides grounds for altering the Court's decision.

At the beginning of that decision, the Court states the following: "This case is one round in a series of lawsuits between companies involved in Colorado's marijuana industry and the [IRS]. As the related cases have progressed, plaintiffs' counsel have raised 'increasingly creative' claims in opposing the IRS's attempts to gather information." Dkt. No. 32, at 1 (quoting *Futurevision, Ltd v. United States*, No. 17-mc-00041, 2017 WL 2799931, at *2 (D. Colo. May 25, 2017)). Petitioners appear to take umbrage at this comment. In response to it, they present a lengthy explanation providing the purported reasons marijuana businesses must continue filing petitions to quash IRS summonses. Yet Petitioners provide no explanation for why the Court's comment (which echoed that in another ruling) constitutes grounds to alter the Court's decision. The Court, in fact, did not use its observation regarding counsel's "increasingly creative" claims as a basis for granting the United States' motion to dismiss the petition and enforce the summonses. Rather, in rendering its decision, the Court relied on several specific, legitimate bases that had nothing to do with its observation on that point.

It appears that Petitioners have seized on the Court's comment as a pretext for advancing an argument new to this case. In response to that comment, and as part of their lengthy explanation for the need to file petitions to quash IRS summonses, Petitioners raise an argument regarding their "rights to absolute immunity." While counsel for Petitioners have raised this immunity argument on behalf of other marijuana businesses in other cases, Petitioners have not previously raised this argument in this case. Yet no reason exists that Petitioners could not have

6

raised this argument in prior briefing. The cases they cite to support this argument date from 1981, 1976, and 1969. All those cases, as well as the facts to which Petitioners apply them, were available to Petitioners when they made their original arguments in this case.

Petitioners, therefore, have improperly raised this new argument through this Rule 59(e) motion. As the Tenth Circuit has made clear, "[i]t is not appropriate" on Rule 59(e) motions to "advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. The Court should thus disregard this argument.

Even if the Court were to consider this argument, however, the Court should reject it. The Court should do so for the reasons the United States articulated in refuting this same argument in the following cases also before this Court: *CSW Consulting, Inc., et al. v. United States*, No. 1:18-mc-00030-PAB (Dkt. No. 4, at 10-12), and *Medicinal Wellness Center, LLC, et al. v. United States*, No. 1:17-mc-00170-PAB (Dkt. 8, at 4-6). In short, Petitioners cite no authority even suggesting that the IRS must grant immunity to a taxpayer before enforcing § 280E with respect to that taxpayer. Petitioners rely on cases like *Marchetti v. United States*, 390 U.S. 39 (1968), which held that the privilege against self-incrimination applied in a prosecution for evasion of taxes on gambling income. *Marchetti*, however, involved specialized excise tax forms required only of certain individuals and concerning activities that were almost universally illegal under state law. Such forms are not the same as the income tax returns at issue here. All businesses and individuals must file such returns, which require information on all income-producing activities. *See Higginbotham v. United States*, 491 F.2d 432, 435-36 (4th Cir. 1974) (distinguishing gambling cases from tax laws that "cover the broad mass of the taxpaying public").

Petitioners also state that, under 26 U.S.C. § 6103(i), the IRS may disclose taxpayer information to the Department of Justice for use in criminal investigations. But they ignore that, under the statute, the IRS can make such disclosures only in limited circumstances. First, before the IRS can do so, the Department of Justice must seek an order from a federal court allowing the disclosure. *See* § 6103(i)(1)(B). Second, the court may grant such an order only if, among other requirements, the information sought to be disclosed cannot be obtained from another source. *See* § 6103(i)(1)(B)(iii). In this case, any information pertaining to Petitioners' trafficking in a controlled substance can be obtained from several other sources, including Petitioners' dispensary, where they sell marijuana, and their websites, which describe their business.

Petitioners also emphasize that the Department of Justice has rescinded memoranda regarding its policy on enforcement of federal drugs laws with respect to marijuana. The Department's action, however, does not mean that Petitioners now face an elevated danger of self-incrimination by cooperating with the IRS audits. As the Tenth Circuit stated in *Feinberg v. Commissioner*, 808 F.3d 813 (10th Cir. 2015), Congress, not the Justice Department, sets policy directives, and in any event, the Justice Department "could displace these memoranda at any time." *Id*. at 816. Given the IRS's obligation to enforce the laws Congress has passed, the court in *Feinberg* thus refused to block the Tax Court from compelling a marijuana dispensary to produce information to the IRS regarding the nature of the dispensary's business and demonstrating that it sold marijuana. The court did so without requiring that the IRS grant the dispensary immunity from prosecution. *See id*. at 816-18.

Like Petitioners' other arguments, therefore, their newly raised "absolutely immunity" argument lacks merit. Neither this new argument, nor the Court's comment Petitioners have used as a pretext to assert this argument, provides grounds for altering the Court's decision.

C. **IRS Issue Lead Sheets Do Not Articulate the United States' or the IRS's Positions, and, in any event, the Particular Lead Sheet Petitioners Present Does Not Reflect a Change in Position.**

Finally, Petitioners claim that an IRS issue lead sheet they recently obtained indicates the IRS has changed its position with respect to the relevance of the information sought through the summonses issued to Colorado's Marijuana Enforcement Division ("MED"). According to Petitioners, this supposed change in position establishes grounds for the Court to change its decision against them. Of the spurious arguments Petitioners assert in their motion to alter or amend that decision, however, this argument is perhaps the most flagrant. The lead sheet to which Petitioners ascribe such significance neither articulates the United States' or the IRS's position nor, in any event, reflects a change in position.

The IRS summonses at issue in this case seek information from MED's Marijuana Inventory Tracking System ("METRC"). The declaration of IRS Revenue Agent David Hewell (submitted in support of the United States' motion to dismiss petition and enforce summonses, Dkt. No. 8), who issued the summonses, explains the relevance of this information to Petitioners' audits. The declaration states that "[i]nformation from the METRC system is particularly valuable during an audit, because it helps establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold." Dkt. No. 8-1, ¶ 16. This information, in turn, helps to verify the business's records and otherwise substantiate information provided on its federal tax returns. *See id.* ¶ 17.

Petitioners claim that the IRS issue lead sheet they have obtained indicates that the United States "has now conceded that METRC information is not relevant to a determination of income and expenses." Dkt. No. 33, at 6.  Assuming this lead sheet is genuine, it appears to pertain to an audit of an unknown S corporation, performed by an unknown IRS official, for the 2014 and 2015 years, and is dated September 7, 2017, and February 21, 2018.  Petitioners or their counsel have redacted all information from this lead sheet, leaving it blank, with the exception of the dates, tax form at issue, tax years at issue, and the following statement: "METRC data does not track purchases other than tracking the amount of marijuana product transferred in, this report only tracks the amount, not the costs; therefore, there are no verification in METRC's [sic] to support any COGS."  Dkt. 33-1 (Ex. 6).

Contrary to Petitioners' assertion, this statement does not represent the United States' or the IRS's position on any issue in this case or any other.  First, neither the United States nor the IRS articulates official positions through IRS issue lead sheets.  IRS Revenue Agents use issue lead sheets in audits to document, with respect to the issue examined, adjustments, audit steps, relevant facts and law, their conclusions, and the taxpayer's position.  *See* Internal Revenue Manual § 4.10.9.6.2 (Aug. 11, 2014).  Statements that Revenue Agents make in IRS lead sheets, and otherwise, do not bind the IRS.  *See Sidell v. Commissioner of Internal Revenue*, 225 F.3d 103, 111 (1st Cir. 2000) ("[S]tatements by individual IRS employees cannot bind the [IRS]."). Rather, the IRS articulates its positions through formal statements of policy, such as regulations or revenue rulings.  *See Connecticut Gen. Life Ins. Co. v. Commissioner of Internal Revenue*, 117 F.3d 136, 145 (3d Cir. 1999).

With respect to matters at issue in this litigation, the United States has articulated its positions through its submissions to the Court, which include the declaration of the IRS Revenue

Agent handling the relevant audits.  The IRS lead sheet on which Petitioners rely here does not relate to those audits or any other audit Revenue Agent Hewell has conducted.  *See* attached Declaration of IRS Revenue Agent David Hewell in Support of United States' Opposition to Petitioners' Motion ¶ 3.  The lead sheet does nothing to alter Revenue Agent Hewell's statements in his original declaration.  *See id.* ¶ 4.

Second, it is not clear if the statement Petitioners have left in the lead sheet reflects a Revenue Agent's opinion or the taxpayer's position that the Revenue Agent has documented.  Petitioners obviously have taken this statement out of context, concealing whatever other language appears on this lead sheet that may clarify this somewhat opaque statement.  Counsel for Petitioners, in fact, have refused to provide the United States an unredacted version of the document or even a version redacted only for information identifying the taxpayer.  Counsel have not stated a legitimate basis for this refusal.

In any event, even if this statement represented the United States' or the IRS's position, which it does not, the statement does not indicate that METRC information is not relevant to a determination of income and expenses.  It simply states that the METRC information does not directly reflect cost of goods sold.  Even if that is the case, the information the METRC system possesses, such as inventory figures, can help in verifying gross receipts, claimed expenses, and thus determinations on costs of goods sold.  Given the provisions of § 280E, marijuana businesses may offset gross receipts only with the cost of goods sold.  *See*, *e.g.*, *Olive v. Commissioner*, 139 T.C. 19, 32-36 (2012) (addressing disputes concerning a marijuana business's cost of goods), *aff'd*, 792 F.3d 1146 (9th Cir. 2015).  Inventory figures factor into these computations by illustrating how much product the business sold and when.  In a business

11

where exact sales may be difficult to track due to its cash-based nature, inventory data can be critical in establishing accurate income and costs.

Accordingly, the lead sheet neither represents the United States' position nor reflects a change in position, in any event. The lead sheet thus fails to establish grounds for altering or amending the Court's judgment.

## CONCLUSION

For the reasons stated above, none of Petitioners' arguments establishes grounds for altering or amending the Court's judgment. The Court, therefore, should deny Petitioners' motion.

Dated:  April 2, 2018                                  Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6062
Charles.J.Butler@usdoj.gov

*Of Counsel*:
ROBERT C. TROYER
United States Attorney

*Counsel for United States of America*

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following:

James D. Thorburn (jdt@thorburnlaw.com)
Richard A. Walker (rwalker@thorburnlaw.com)
Thorburn Walker LLC
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111

*Counsel for Petitioners*

/s/ Charles J. Butler
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice