IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;
GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
INFUZIONZ, LLC, a Colorado Limited Liability
Company; and
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

      Petitioners,

           v.

UNITED STATES OF AMERICA,

      Respondent.

---

### PETITIONERS' REPLY TO RESPONDENT'S RESPONSE TO PETITIONERS' MOTION TO ALTER OR AMEND JUDGMENT

---

THE PETITIONERS, The Green Solution Retail Inc., a Colorado corporation, Green Solution, LLC, a Colorado limited liability company, Infuzionz, a Colorado limited liability company, Green Earth Wellness Inc., a dissolved Colorado corporation (collectively hereinafter referred to as "Petitioners "or "The Green Solution"), by and through their below signed counsel hereby submit the following Reply to their Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P 59(e).

### I. THE GOVERNMENT HAS FILED A NOTICE OF RELATED CASES WHICH INCLUDES THIS CASE.

The government filed a notice of related cases in *CSW Consulting v. United States,* 1:18-mc-00030-PAB identifying this case as being related to the *CSW* case and others. A copy of this

notice is attached hereto. The Government contends that these cases should be ruled upon by the same judge and at the same time. This certainly makes sense to the Petitioners also.

As discussed in the Motion to Alter or Amend Judgment, the IRS embarked upon a plan of issuing numerous summonses to numerous parties alleged to be unlawfully trafficking in controlled substances. Since the basis of all these summonses are the same (administratively investigating and determining the unlawful trafficking for tax administration purposes) the Petitioners have contended that the IRS's unwritten policy in this regard has caused needless duplication of resources and efforts.

In addition, this is an untested, developing area. Thus, it is not unforeseeable that the arguments have likewise evolved over time. For example, the fact that the IRS claims it can share the incriminating information and has a duty to do so, was unknown at the time of the filing of the early petitions. It is now known. With this information, it has become clear that the tax statute in question purportedly allows the compulsion of incriminating information and a concomitant requirement to share the same information with law enforcement. Such a tax scheme is unconstitutional. The *CSW* case now challenges the constitutionality of Section 280E if it is found that the statute allows for the IRS to investigate drug trafficking for tax administration purposes.

Given the above, it makes sense that the cases cited by the Government in the Notice should be decided as a whole rather than piecemeal.

## II. THE *GREEN SOLUTION* CASE SHOULD NOT BE CONSTRUED AS GIVING THE IRS INVESTIGATORY AUTHORITY OVER AREAS PERMEATED WITH CRIMINAL STATUTES

a. The *Green Solution* Court did not Decide the IRS' Powers.

The Government contends that the *Green Solution* Court granted the IRS authority to investigate unlawful drug trafficking for tax administration purposes. This is not correct. The Court only decided that it did not have subject matter jurisdiction over the issue. The Government takes out of context a statement from the case claiming the Court granted the IRS authority to investigate unlawful drug trafficking activity. Taking the statement by the Court, relied upon by the Government, in context, it is clearly not the case:

> "According to Green Solution, 'While § 280E is within the Tax Code, the CSA is not. Thus, a determination of whether a taxpayer violated the CSA is not within the authority of the IRS.' Green Solution claims it is not seeking to enjoin the IRS from enforcing § 280E, which it acknowledges would be precluded by the AIA, but that it seeks only to enjoin the IRS's investigation of alleged federal drug law violations, which Green Solution claims falls outside the protection of the AIA.
>
> "But § 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies. [Citations Omitted]. Instead, the IRS's obligation to determine whether and when to deny deductions under § 280E, falls squarely within its authority under the Tax Code. [Citations Omitted]. Thus, the AIA is implicated here.[8]
>
> "[8] To the extent Green Solution argues the IRS exceeded its authority under the Internal Revenue Code, we lack subject matter jurisdiction to consider the merits of the argument. We decide here only that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the AIA."

*Green Solution,* at 19.

It is exceedingly clear that the comments by the Court with respect to the IRS' authority to conduct drug trafficking investigations for tax administration purposes were in the context of determining subject matter jurisdiction. There was no decision by the Court to affirmatively grant the IRS authority to conduct investigations into drug trafficking for tax administration purposes.[1]

---

[1] The Petitioners mentioned that a petition for certiorari was filed in Green Solution. The petition was, in fact, denied on March 19, 2018.

### b. Such a Determination Would Render Section 280E Unconstitutional.

The Government contends that "the IRS has the authority to determining if a business is trafficking in a federally controlled substance for purposes of enforcing Section 280E." This is so despite the fact that the IRS may share the information of unlawful drug trafficking with federal law enforcement. See 26 U.S.C. Section 6103(i)(3)(A).[2]

"'Where fairly possible, courts should construe a statute to avoid a danger of unconstitutionality'. *Ohio v. Akron Center for Reproductive Health,* 497 U.S. 502, 514 (1990)." Under Tenth Circuit jurisprudence, this same statutory rule of construction is couched in terms of "constitutional narrowing." See *United States v. Strandlof*, 667 F.3d 1146, 1154 (10th Cir. 2012)("The Supreme Court requires we read an act of Congress narrowly, so as to avoid constitutional problems"). This is a mandatory rule of statutory construction. Should the court determine that the IRS has been given authority by Congress to investigate drug trafficking, it necessarily means that Congress granted the IRS authority to share the same information with law enforcement. The plant tracking information in METRC certainly "are records and reports which would incriminate overwhelmingly" if shared with law enforcement. *Grosso v. United States*, 390 U.S. 62, 75 (1969). As discussed more fully in *CSW v. USA,* 1:18-mc-00030-PAB, [Doc. 7], pp. 19-25, The ability to compel such incriminating records and reports under the relaxed Fourth and Fifth Amendment standards of the tax power would operate as an end run

---

[2] The Government contends that the IRS's sharing with law enforcement is limited to those occasions under 26 U.S.C. Section 6103(i)(1)(B)(iii) where DOJ obtains an order from the court to compel information from the IRS. However, the Government does not explain how this section limits the IRS discretionary authority to share information with law enforcement under IRC Section 6103(i)(3)(A). It is clear there is no such limitation. See, e.g., *United States v. One Coin-Operated Gaming Device*, 648 F.2d 1297, 1300 (10th Cir. 1981)( IRC Section 6103(i)(3)(A) provides authority of the IRS to share incriminating information of unlawful gaming devices to DOJ. Thus, even absent any indication that the IRS actually shared the information, Congress provided insufficient constitutional protections under *Marchetti* for unlawful wagering devices).

around the Fourth and Fifth Amendment[3]. Constitutional rights may not be eroded by such "ingeniously drawn legislation". *Marchetti v. United States,* 390 U.S. 39, 52 (1969).

### III. ABSOLUTE IMMUNITY IS A NECESSARY REQUIRMENT WHEN THE IRS MAY SHARE THE INCRIMINATING INFORMATION WITH LAW ENFORCEMENT

As discussed in the motion, the motions to quash are necessary component in order to protect the availability of absolute immunity in the event of subsequent prosecution for criminal drug law violations. The Government took this explanation one step further and argued the merits of the necessity of absolute immunity in order for the IRS to investigate this area "permeated with criminal statutes" of those "inherently suspected of criminal activity". As such, the Government briefed the Court on the constitutionality of Section 280E. The Petitioners respond as follows:

As discussed in the CSW Amended Petition to Quash, 1:18-mc-00030-PAB [Doc. 7], pp. 23-23, also before this court, there is a constitutional difficulty when the tax power is used to investigate areas "permeated with criminal statutes" against those "inherently suspect of criminal activity."

The Government contends that constitutional difficulty does not apply because Section 280E is generally regulatory and does not concern activities which are "almost universally illegal". This is not true.

Section 280E is very concise:

---

[3] The Government contends without authority that since the evidence of "Petitioners' trafficking in a controlled substance can be obtained from several other sources . . ." that it should be allowed to obtain the information without constitutional protection. Any information compelled by law enforcement would have to be done in accordance with the *full protections* of the Fourth and Fifth Amendment – a much higher hurdle. The Government should not be allowed to bypass the full constitutional protections by using the tax power to obtain the incriminating evidence instead of law enforcement.

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) **which is prohibited by Federal law or the law of any State in which such trade or business is conducted.**

26 U.S.C. §280E

The elements of Section 280E are: (1) person; (2) in the person's trade or business; (3) "traffics"; (4) in a Schedule I or II controlled substance; (5) prohibited by federal or state law. 26 U.S.C. § 280E. Thus, for Section 280E to apply, the taxpayer must have engaged in unlawful drug trafficking – a nontax crime. Since the sale of marijuana is lawful in Colorado, the unlawfulness would have to be found in federal law, e.g., the Controlled Substances Act, 18 U.S.C. §801, *et seq.* Section 280E is therefore only applicable to unlawful drug traffickers. *Fla. Dep't of Revenue v. Herre*, 935 So. 2d 536 (Fl. S.Ct. 1994). In determining a state statute taxing illegal drug trafficking was unconstitutional, the Florida Supreme Court stated:

> "Section 212.0505 taxes those persons who illegally traffic in marijuana and other controlled substances, and, therefore, it satisfies the *Marchetti* limitation that the statute be directed to a "selective group inherently suspect of criminal activities."

*Herre,* 935 So. 2d at 620.

As discussed further in CSW, it is reasonable to conclude, given the provisions of IRC Section 6103(i)(3)(A), that the information compelled by the IRS under a Section 280E would be made available to law enforcement.

The Government concedes that absolute immunity has not been afforded in return for compelling the information. This is a necessary element if the IRS can share the incriminating evidence with law enforcement. The Supreme Court noted that while Congress can tax such illegal activity, there are constitutional limitations:

6

> We are fully cognizant of the importance for the United States' various fiscal and regulatory functions of timely and accurate information (citation omitted); but other methods, entirely consistent with constitutional limitations, exist by which Congress may obtain such information.

*Marchetti v. United States,* 390 U.S. at 60.

The Supreme Court cited to *Counselman v. Hitchcock,* 142 U.S. 547 (1892) for its authority. In *Counselman*, the Supreme Court held that if Congress wishes to use its tax power to compel books and records, Congress must afford absolute immunity against future prosecution "for the offence to which the question relates." *Counselman*, 142 U.S. at 586. In this case, the "offense to which the question relates" is unlawful drug trafficking. Thus, absolute immunity from prosecution under federal criminal drug laws should be afforded to the Petitioners. Otherwise, the investigation is beyond its constitutional powers.

## IV. THE LEAD SHEET IS EVIDENCE THAT THE INFORMATION COMPELLED IS NOT RELEVANT TO THE IRS' PURPOSE.

The Government contends that statements of auditors cannot be used to determine the "official" position of the government because "the IRS articulates its positions through formal statements of policy, such as regulations or revenue rulings." Response [Doc. 34], p. 10. Thus, a statement by an IRS auditor cannot be binding. This makes for an interesting conundrum for the Government. On the one hand, the Government contends that the self-serving statements of auditor David Hewell are policy, but the statement by another auditor in the actual 280E audit should not be taken as policy. Neither of the statements can be considered policy by the governments own authority. They are conflicting auditor statements on the same subject matter. Thus, the statements by David Hewell cannot be considered as policy and the conflict statements must be resolved in a hearing. Since the IRS has no policy statements, regulations or revenue rulings on the subject (regulations concerning Section 280E are conspicuously absent) such

7

statements of "policy" by Mr. Hewell should only be considered a "litigating position" without agency deference. *McCreary Cty. v. ACLU*, 545 U.S. 844, 871 (2005). Since there are two agents stating conflicting statements of policy, a hearing should be granted to resolve the issue.

**CONCLUSION**

Given the above, the court should vacate its order to dismiss the case and provide such other and further relief as it deems proper.

Respectfully submitted on April 16, 2018

*s/ James D. Thorburn*
James D. Thorburn,

*s/ Richard A. Walker*
Attorneys for the Petitioners
THORBURN WALKER LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

8

9

## CERTIFICATE OF SERVICE

I hereby certify that on this April 16, 2018, I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

**Charles J. Butler**
U.S. Department of Justice-DC-#683
P.O. Box 683
Tax Division
Ben Franklin Station
Washington, DC 20044-0683
202-514-6062
Fax: 202-307-0054
Email: Charles.J.Butler@usdoj.gov

*/s/ James D. Thorburn*