IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Miscellaneous Action No. 16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a Colorado Corporation,
GREEN SOLUTION, LLC, a Colorado Limited Liability Company,
INFUZIONZ, LLC, a Colorado Limited Liability Company, and
GREEN EARTH WELLNESS, INC., a dissolved Colorado Corporation,

    Petitioners,

v.

UNITED STATES OF AMERICA, through its agency the Internal Revenue Service,

    Respondent.
_____

**ORDER**
_____

This matter is before the Court on petitioners' Motion to Alter or Amend Judgment [Docket No. 33]. Pursuant to Fed. R. Civ. P 59(e), petitioners seek to alter or amend the Court's February 12, 2018 Order [Docket No. 32] dismissing petitioners' petition to quash summonses and closing the case.

**I. BACKGROUND**

This case is one of a series of lawsuits between the Internal Revenue Service ("IRS") and companies involved in Colorado's marijuana industry. Docket No. 32 at 1. The IRS is conducting a civil audit of petitioners' tax liability for fiscal years 2013 and 2014. Docket No. 1 at 4, ¶ 12; Docket No. 1-2; Docket No. 8-1 at 2, ¶¶ 5-7. Petitioners, who are all involved in the marijuana industry, seek to prevent the IRS from collecting information about their business activities. Under 26 U.S.C. § 280E (I.R.C. § 280E), companies who traffic in a "controlled substance" such as marijuana are

forbidden from taking federal tax deductions and credits. In relation to the audit, David Hewell, an IRS revenue agent, informed petitioners that his department had made a determination that petitioners were trafficking in a controlled substance, and Mr. Hewell sought records to establish the extent of petitioners' activities. Docket No. 1 at 4, ¶¶ 13-14; Docket No. 8-1 at 1, ¶ 1. After petitioners declined to provide their Marijuana Enforcement Tracking Reporting and Compliance ("METRC") records, the IRS issued summonses to the Colorado Department of Revenue's Marijuana Enforcement Division seeking petitioners' METRC records and inventory information. Docket No. 1 at 4, ¶ 14; Docket No. 1-1. Petitioners sought to quash those summonses, and the government sought to enforce the summonses. Docket Nos. 1, 8.

In a separate proceeding, petitioner The Green Solution Retail, Inc. ("Green Solution") sought similar relief against the IRS. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017) ("*Green Solution*"). The Tenth Circuit affirmed the trial court's dismissal of Green Solution's claims as barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (I.R.C. § 7421). The Tenth Circuit rejected Green Solution's argument that the IRS acted outside its authority, concluding that "the IRS's obligation to determine whether and when to deny deductions under § 280E[] falls squarely within its authority under the Tax Code." *Green Solution*, 855 F.3d at 1121.

## II.  LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the

2

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law," but not to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

Petitioners filed their Motion to Alter or Amend Judgment [Docket No. 33] on March 12, 2018, within 28 days of the entry of the order closing the case on February 12, 2018.

### III. DISCUSSION

Petitioners raise three arguments in their Rule 59(e) motion for why altering or amending the judgment is warranted. *See* Docket No. 33. First, petitioners argue that the Court erred in applying the Tenth Circuit's ruling in *Green Solution* to this case. *Id*. at 2-3. Second, petitioners argue that the Court improperly criticized petitioners' filing of petitions to quash summonses because the petitions are necessary to protect petitioners' right to obtain absolute immunity from the IRS. Third, petitioners argue that the government has "conceded" that METRC information is not relevant to a determination of income and expenses. *Id*. at 5-6.

#### A. Application of the *Green Solution* Ruling

Petitioners' first argument is that the Court's application of the ruling in *Green Solution* to this case is clear error. They argue that the "District Court erred in its

3

assertion that the Court of Appeals in [*Green Solution*] gave the IRS authority to administratively investigate and determine violations of federal criminal drug laws." See Docket No. 33 at 2-3. Tellingly, petitioners fail to cite anywhere in the Court's order where the court interpreted *Green Solution* to give the IRS authority to "determine violations of federal criminal drug laws." Instead, the Court noted that

> [w]hile the IRS may lack authority to criminally prosecute petitioners for trafficking in controlled substances, the IRS has authority to make determinations about whether deductions are allowable under the Internal Revenue Code, including § 280E. Revenue Agent Hewell's affidavit establishes that the summonses are related to an investigation of petitioners' tax liabilities, something within the IRS's authority.

Docket No. 32 at 5. Petitioners again try to suggest that, because the IRS made a preliminary conclusion that a company is engaging in the marijuana business, the IRS is acting outside its scope of authority in issuing summonses pursuant to § 280E. However, that preliminary determination is not a criminal investigation. Petitioners' argument was rejected in *Green Solution*, where the Tenth Circuit concluded unequivocally that "the IRS's obligation to determine whether and when to deny deductions under § 280E[] falls squarely within its authority under the Tax Code." See *Green Solution*, 855 F.3d at 1121. In a recent case, the Tenth Circuit reaffirmed that holding, stating that "it is within the IRS's statutory authority to determine, as a matter of civil tax law, whether taxpayers have trafficked in controlled substances." See *Alpenglow Botanicals*, 894 F.3d at 1197; *see also High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1186-87 (10th Cir. 2019).

**B. Absolute Immunity**

Second, petitioners note that, in its February 12, 2018 order, the Court stated

4

that petitioners' counsel have raised "increasingly creative" claims. *See* Docket No. 32 at 1 (quoting *Futurevision, LTD v. United States*, No. 17-mc-00041-RBJ, 2017 WL 2799931, at *2 (D. Colo. May 25, 2017)). Petitioners use the Court's observation to suggest that petitioners and other similar taxpayers need to make a variety of arguments to protect themselves, given that

> [i]f Congress delegates its tax power to allow the IRS to investigate inherently criminal activity for tax administration purposes, it must provide the following constitutional protections: 1. Prohibit the IRS from sharing the incriminating information with law enforcement; or 2. Provide absolute immunity from prosecution.

*See* Docket No. 33 at 5 (emphasis removed). First, the Court cannot discern what error the petitioners allege the Court made, let alone how it is "clear error or manifest injustice" that would warrant altering or amending the judgment. *See Alpenglow Botanicals*, 894 F.3d at 1203. Second, petitioners raise this point for the first time in this motion. A Rule 59(e) motion is not the appropriate forum to "advance arguments that could have been raised in prior briefing." *See Alpenglow Botanicals*, 894 F.3d at 1203. Therefore, petitioners' second argument also fails.[1]

### C. The METRC Information

Finally, petitioners argue that the government has changed its position with regard to the information sought in the summonses. *See* Docket No. 33 at 5-6. Petitioners note that, in a declaration attached to the IRS's motion to dismiss [Docket No. 8-1], the IRS stated that the METRC system is useful for determining whether a marijuana business reported its gross receipts and deductions properly, but that "in

---

[1] Even if this argument were properly before the Court, this argument has been explicitly rejected by the Tenth Circuit. *See High Desert Relief*, 917 F.3d at 1188-89.

5

recent audit reports" the IRS now takes the position that "METRC data does not track purchases other than tracking the amount of marijuana product transferred in, this report only tracks the amounts, not the costs; therefore, there are no verification in METRC's to support any [cost of goods sold]."[2]  *See* Docket No. 33-1.  In light of this alleged change of position, petitioners claim that "there is a question of fact with respect to the relevance of the information being sought."  *See* Docket No. 33 at 6.

This argument is without merit.  First, the exhibit that contains the claimed change of position does not meet the burden for newly discovered evidence under Rule 59(e).  "Rule 59(e) motions may be based either on (1) evidence arising after the initial ruling (in which event the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier)."  *See Bell v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 451 F.3d 1097, 1102 (10th Cir. 2006).  It is petitioners' burden to demonstrate which scenario applies.  *See Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).  Petitioners do not offer a sufficient explanation of where they discovered the document or why they did not discover the document before the Court's ruling, only stating that "[t]his was information that was received by the undersigned after this court's order dismissing the instant case."  *See* Docket 33 at 6.

Even if petitioners had met their burden for relying on newly discovered

---

[2] All marijuana businesses in Colorado must track their inventory of marijuana plants through the state's METRC system, which is overseen by the state Marijuana Enforcement Division.  *See* Docket No. 8 at 4.

evidence, the evidence does not support altering the judgment. The document in question appears to be a lead sheet completed by an individual IRS agent. As the government points out, the IRS articulates its positions through formal statements of policy, not through statements of individual agents. *See Conn. Gen. Life Ins. Co. v. Comm'r of Internal Revenue*, 177 F.3d 136, 145 (3rd Cir. 1999). Therefore, this exhibit does not support the conclusion that the government has changed its position with regard to METRC.

Finally, even if the exhibit is taken as a concession that METRC information does not directly verify cost of goods sold, there is no evidence supporting petitioners' conclusion that the information is "not relevant to a determination of income and expenses." *See* Docket No. 33 at 6. In his Declaration, Revenue Agent Hewell explains that METRC information is "particularly valuable during an audit" because it "substantiates (or undermines) the information reported on [a marijuana business's] tax returns." *See* Docket No. 8-1 at 4, ¶¶ 16-17. As petitioners have offered no new evidence that would cause the Court to alter or amend the judgment, this argument also fails.

## IV.  CONCLUSION

As none of petitioners' arguments demonstrate an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice, the Court will deny petitioners' Motion to Alter or Amend Judgment [Docket No. 33]. *See Servants of the Paraclete*, 204 F.3d at 1012.

Accordingly, it is

**ORDERED** that petitioners' Motion to Alter or Amend Judgment [Docket No. 33] is **DENIED**.

DATED April 24, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge